## Allen v. Rose Valley Sanitarium.

*Trespass — Negligence — Animals — Poisoning of animals—Inference of facts—Judicial notice—Burden of proof.*

1. Where one alleges his cows were killed by lead-poisoning from paint in paint-cans placed in plaintiff's pasture-field by the defendant, the burden is on the plaintiff to show that the paint in the cans contained lead, and if such proof is not offered, binding instructions in favor of the defendant should be given to the jury.

2. Judicial cognizance will be taken of matters of common knowledge.

3. If one places lead in a pasture-field, and cows pasturing in the field die from lead-poisoning, it may be concluded that the lead so placed in the field produced the death of the cows.

Motion by defendant for judgment *non obstante veredicto.* C. P. Delaware Co., Sept. T., 1922, No. 318.

*John E. McDonough,* for motion; *W. Roger Fronefield,* contra.

Broomall, J., June 2, 1924.—On the trial of the above cause, the plaintiff introduced evidence to show that the defendant placed paint-cans in a rubbish pile in the plaintiff's pasture-field. The plaintiff turned two cows into this field, and in the course of a day or two they sickened and died. An autopsy was performed on them, which disclosed that they died of lead-poisoning. This suit was brought for the purpose of recovering the value of the cows, and resulted in a verdict in favor of the plaintiff for $225. On the trial of the cause, the defendant presented a point for binding instructions, which was refused, and this motion challenges the correctness of that disposition of the point.

It would fairly be within the limits of inference that if the defendant placed lead in the plaintiff's pasture-field, and the plaintiff's cows sickened and died of lead-poisoning, it might be concluded that the defendant's act produced the plaintiff's injury. But this inference rests upon proofs that the defendant placed the lead on the plaintiff's premises. There was no proof that the paint-cans contained lead. The burden of proof in this respect was upon the plaintiff. He relies upon the proposition that cognizance will be taken that the paint-cans contained lead. True, judicial cognizance will be taken of matters of common knowledge, but there is no common knowledge that all paint contains lead. The fact is that all paints do not contain lead. The plaintiff's case broke down at this point, and the court should have affirmed the defendant's point for binding instructions. Therefore, the defendant's motion for judgment n. o. v. must be allowed, which is accordingly done. The verdict is set aside and judgment is now entered in favor of the defendant and against the plaintiff, with costs.         From A. B. Geary, Chester, Pa.